**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    **Case No. 26-16120-MAM**
                                                          **Chapter 7**

**LISA WILDSTEIN**

    **Debtor.**

_____/

<u>**MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY**</u>

> **Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.**

Michael R. Bakst, Chapter 7 Bankruptcy Trustee for Lisa Wildstein ("Trustee"), by and through undersigned counsel, hereby files this Motion to Approve Stipulation to Compromise Controversy and states:

1. This voluntary Chapter 7 bankruptcy proceeding was originally filed as a Chapter 13 case on May 12, 2026, and was converted to Chapter 7 on June 8, 2026. Michael R. Bakst has been appointed as the Chapter 7 Trustee.

2. Attached hereto is a copy of a Settlement Agreement and Release that has been entered into between the Trustee, Michael R. Bakst, and American Strategic Insurance Corp. ("ASI").

3. Prior to the Petition Date, on or about June 22, 2020, Ms. Wildstein filed suit against ASI in Lisa P. Wildstein v. Core Contents Restoration, LLC et al., Case No. 50-2020-CA-006656 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Wildstein Suit"), asserting civil claims for damages against ASI.

4. Upon the filing of the bankruptcy petition, the Wildstein Suit and all claims of Ms.

Wildstein therein became property of the bankruptcy estate under 11 U.S.C. § 541, and the Trustee has the exclusive authority under 11 U.S.C. §§ 323 and 363, subject to Bankruptcy Court approval under Federal Rule of Bankruptcy Procedure 9019, to compromise, settle, and release such claims.

5.    The Debtor has been largely unsuccessful in the Wildstein Suit. The Court entered an Order Granting Partial Summary Judgment to Defendant, ASI, on Counts V and VI of Plaintiff's Fifth Amended Complaint and on Defendant's Second Affirmative Defense of Qualified Immunity on January 23, 2024, with a Partial Final Judgment entered in favor of ASI on April 23, 2024. The Court also denied Ms. Wildstein's Second Motion for Leave to Amend to Add a Claim for Punitive Damages. Additionally, ASI filed a motion for summary judgment directed at Ms. Wildstein's remaining claims on or about May 16, 2024. The Debtor has been litigating the Wildstein Suit on her own.

6.    The Parties have agreed to settle any claims the estate may have against ASI as set forth in the attached Settlement Agreement and Release. Under the terms of the settlement, ASI shall pay the Trustee twenty thousand dollars ($20,000.00) in full and final settlement of all claims. In exchange, the Trustee, on behalf of the bankruptcy estate, will release ASI and its Releasees from all claims, and the Wildstein Suit will be dismissed with prejudice as to ASI, with each side bearing its own attorneys' fees and costs. Copies of the dismissal documents to be filed with the state court are attached hereto as composite Exhibit "1".

7.    The settlement is contingent upon entry of an order by the Bankruptcy Court approving the settlement under Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 363.

8.    The Trustee does believe that this settlement is reasonable and in the best interest of creditors and the estate.

9.    This motion is being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

10.    The legal principles to be applied in evaluating a proposed settlement have been

enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bkrtcy.S.D.Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". *Id*. at 891, *citing, In re Teltronics Services, Inc.*, 762 F.2d 185, 189(2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608(2nd Cir. 1983). The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

11.     The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable view in the premises. *In re Justice Oaks II, Ltd*., 898 F.2d 1544 (11th Cir. 1990).

12.     The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate.

13.     With regard to these factors, the following is an analysis:

a)     Specifically, when weighing the settlement agreement with the probability of success in any litigation, the Debtor has thus far been unsuccessful in the Wildstein Suit, with most counts being dismissed. Partial summary judgment was entered in favor of ASI on Counts V and VI on the basis that the claims did not constitute defamation and that ASI was entitled to qualified immunity. The Court also denied Ms. Wildstein's motion to add a claim for punitive damages. ASI had a pending motion for summary judgment on Ms. Wildstein's remaining claims at the time of settlement. The Debtor has been litigating the case on her own. Given these circumstances, it

does not appear that the value of the claim would exceed the $20,000.00 being paid, especially after factoring in the cost and risk of going to trial.

(b) With regard to the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, given the issues involved, litigating the remaining claims through trial would require costly and time-consuming discovery and preparation. The Debtor has been prosecuting this action pro se, and the Trustee would need to retain counsel and incur additional expense to litigate the remaining claims. The $20,000.00 settlement avoids these costs and provides a certain recovery for the estate.

(c) With regard to the paramount interest of the creditors and a proper deference to their reasonable view in the premises, the settlement provides a guaranteed recovery of $20,000.00 for the estate, which is in the best interests of creditors. The Trustee reached this settlement at arm's length with ASI and believes it represents a reasonable compromise given the litigation history, the pending summary judgment motion on remaining claims, and the costs and risks of continued litigation.

(d) The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate.

**WHEREFORE**, Michael R. Bakst, Chapter 7 Bankruptcy Trustee for Lisa Wildstein, by and through undersigned counsel, respectfully requests that the Court enter an order approving the settlement agreement, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 9010-1(a).

**I HEREBY CERTIFY** that on July 31, 2026, I electronically filed the foregoing Motion to Approve Settlement Agreement with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

Respectfully Submitted,

**LIPPES MATHIAS, LLP**

/s/ Michael R. Bakst
MICHAEL R. BAKST. ESQ.
Florida Bar No.: 866377
Attorneys for the Trustee
4420 Beacon Circle
West Palm Beach, FL 33407
T: (561) 842-3000 ext. 1577
mbakst@lippes.com

**Mailing Information for Case 26-16120-MAM**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R. Bakst**    efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;mbrennan@lippes.com;mbird@lippes.com;jrosaECF@lippes.com;alopezECF@lippes.com;EBakstECF@lippes.com;MBakstECF@lippes.com
- **Michael R. Bakst**    trusteebakstECF@lippes.com, ecf.alert+Bakst@titlexi.com;efileu1086@gmlaw.com;efileu3163@gmlaw.com;efileu3291@gmlaw.com;Trustee-MRBECF@lippes.com;mbirdECF@lippes.com;jrosaECF@lippes.com;alopezECF@lippes.com;EBakstECF@lippes.com
- **Gerard M Kouri Jr.**    gmkouripaecf@gmail.com, gmkouri@bellsouth.net
- **Brian K. McMahon**    briankmcmahon@gmail.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Giselle Velez**    gvelez@rasflaw.com

- **Daniel A Weber**    dweber@ssclawfirm.com, smurguia@ssclawfirm.com

**Manual Notice List**

The following is the list of **<u>parties</u>** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**Mercedes-Benz Vehicle Trust**
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

**American Strategic Insurance Corp.**
c/o Christopher B. Hopkins
Hopkins PA
516 S. Dixie Hwy, Suite 227
West Palm Beach, FL 33401
Via Email: chopkins@hopkinspa.com

**American Strategic Insurance Corp.**
c/o Glenn Malin
 Peterson Bernard
707 S.E. Third Avenue, Suite 500
Ft. Lauderdale, FL 33316
Via Email: Glenn.Malin@petersonbernard.com

**All creditors and interested parties on the Court matrix attached herein**

Label Matrix for local noticing
113C-9
Case 26-16120-MAM
Southern District of Florida
West Palm Beach
Wed Jul 29 14:44:21 EDT 2026

Artistry Homeowners Association, Inc.
c/o Sachs Sax Caplan
6111 Broken Sound Parkway NW
Suite 200
Boca Raton, FL 33487-3644

(p)BK SERVICING  LLC
PO BOX 131265
ROSEVILLE MN 55113-0011

Mercedes-Benz Vehicle Trust Successor in Int
c/o Gerard M. Kouri, Jr., Esq.
5311 King Arthur Ave
Davie, FL 33331-3340

U.S. Bank Trust National Association
Robertson, Anschutz, Schneid, Crane
13010 Morris Road, Suite 450
Alpharetta, GA 30004-2001

American Executive Centers
101 Lindenwood Dr, Ste 225
Malvern, PA 19355-1762

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
CorrespondenceBankruptcy
Po Box 981535
El Paso, TX 79998-1535

Artistry Homeowners Association, Inc.
Sachs Sax Caplan
6111 Broken Sound Pkwy, NW, Sutie 200
Boca Raton, FL 33487-2774

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Chase Card Services
Attn: Bankruptcy
Po Box 15299
Wilmington, DE 19850-5299

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

Gold Gerstein Group, LLC
505 Pleasant Valley Ave
Moorestown, NJ 08057-3209

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jupiter Medical Center
Po Box 997
Jupiter, FL 33468-0997

Magna Legal Services
Seven Penn Center
1635 Market Street - 9th FL
Philadelphia, PA 19103-2227

Mercedes-Benz Financial
Attn: Bankruptcy
Po Box 961
Roanoke, TX 76262-0961

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Beach County Tax Collector
301 N. Olive Ave
POB 3715
West Palm Beach, FL 33402-3715

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Veritext Legal Solutions
PO Box 71303
Chicago, IL 60694-1303

Brian K. McMahon Esq.
1401 Forum Way., Ste. 730
West Palm Beach, FL 33401-2322

Lisa Wildstein
13159 Artisan Circle
Palm Beach Gardens, FL 33418-5602

Michael R. Bakst
P.O. Box 407
West Palm Beach, FL 33402-0407

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Mercedes-Benz Vehicle Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Bank of America
Attn: Bankruptcy
P.O.Box 15019
Wilmington, DE 19886

(d)Mercedes-Benz Vehicle Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Selene Finance LP, as Servicer For U.S. Ba

(u)West Palm Beach

End of Label Matrix
Mailable recipients    24
Bypassed recipients     2
Total                  26

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

Michael R. Bakst, Chapter 7 Bankruptcy Trustee for *In re: Lisa Wildstein* (**"Trustee"**) and American Strategic Insurance Corp. (**"ASI"**) knowingly and voluntarily enter into this Settlement Agreement and Release (**"Agreement"**). Trustee and ASI are collectively the **"Parties."**

## <u>RECITALS</u>

**WHEREAS**, on or about June 22, 2020, Lisa P. Wildstein ("Ms. Wildstein") filed suit against ASI in *Lisa P. Wildstein v. Core Contents Restoration, LLC et al.*, Case No. 50-2020-CA-006656 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida ("Wildstein Suit"), asserting civil claims for damages against ASI;

**WHEREAS**, on or about May 16, 2024, ASI filed a motion for summary judgment directed at Ms. Wildstein's remaining claims for damages in the Wildstein Suit;

**WHEREAS**, on or about May 12, 2026, Ms. Wildstein filed for personal bankruptcy in *In re: Lisa Wildstein*, Case No. 26-16120-MAM in the U.S. Bankruptcy Court for the Southern District of Florida ("Wildstein Bankruptcy");

**WHEREAS**, on or about June 8, 2026, Ms. Wildstein filed her Official Form 106A/B (Property) and 107 (Statement of Financial Affairs) in the Wildstein Bankruptcy, identifying the Wildstein Suit as her property;

**WHEREAS**, on or about June 8, 2026, the Wildstein Bankruptcy was converted from Chapter 13 to Chapter 7 and Michael R. Bakst was appointed Chapter 7 Trustee;

**WHEREAS**, upon the filing of the Wildstein Bankruptcy, the Wildstein Suit and all claims of Ms. Wildstein therein became property of the bankruptcy estate under 11 U.S.C. § 541, and the Trustee has the exclusive authority under 11 U.S.C. §§ 323 and 363, subject to Bankruptcy Court approval under Federal Rule of Bankruptcy Procedure 9019, to compromise, settle, and release such claims;

**WHEREAS**, on or about July 13, 2026, the Trustee and ASI reached agreement, subject to Bankruptcy Court approval, to settle the Wildstein Suit;

**WHEREAS**, without admitting liability or wrongdoing, the Parties wish to resolve all Claims (defined below) in the Wildstein Suit; and

**WHEREAS**, this Agreement is contingent upon approval by the Bankruptcy Court in the Wildstein Bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 9019.

**NOW, THEREFORE,** in consideration of the mutual promises, releases, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree:

1. **<u>Recitals.</u>** The Recitals are true, correct, and incorporated by reference.

2. **<u>Definitions.</u>** The following terms are defined as follows:

   a. **"Claims"** means any and all actions, claims, demands, liabilities, torts, injuries, causes of action, debts, dues, damages (including compensatory and punitive damages), sums of money, contracts, controversies, costs, attorneys' fees, penalties, sanctions, and

demands of any kind, known or unknown, asserted by Ms. Wildstein against ASI or any Releases arising out of, related to, or in connection withthe Wildstein Suit and/or arising out of ASI claim no. 665956.

b. **"Release"** means to irrevocably release, acquit, dismiss, forever discharge, and covenant not to sue.

c. **"Releasees"** means ASI and each of its current and former corporate parents, subsidiaries, affiliates, owners, members, managers, shareholders, partners, directors, officers, employees, representatives, insurers, reinsurers, investors, attorneys, agents, predecessors, successors, and assigns.

3. **Bankruptcy Court Approval.** This Agreement is contingent upon entry of an order by the Bankruptcy Court in the Wildstein Bankruptcy approving this Agreement under Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 363 ("Approval Order"). The Trustee shall promptly file the appropriate motion and use commercially reasonable efforts to obtain the Approval Order. If the Approval Order is not entered or does not become final, this Agreement shall be null and void and no Party shall have any obligation under it.

4. **Settlement Payment.** Within twenty (20) days after the later of (a) full execution of this Agreement and (b) delivery by the Trustee to ASI's counsel of a certified or file-stamped copy of the Approval Order that has become final and non-appealable, ASI shall pay the Trustee twenty thousand dollars ($20,000) ("Settlement Payment") in full and final settlement of all Claims. The Trustee shall provide written payment instructions to ASI's counsel.

5. **Release.** For the consideration set forth herein, the receipt and sufficiency of which the Parties acknowledge:

a. Effective upon the Trustee's receipt of the Settlement Payment, the Trustee on behalf of the bankruptcy estate of Ms. Wildstein, Releases ASI and its Releasees from all Claims.

b. The Trustee represents and warrants that (i) the Wildstein Suit and the Claims therein are property of the bankruptcy estate of Ms. Wildstein; (ii) the Trustee has full authority under the Bankruptcy Code to Release the Claims, subject to entry of the Approval Order; (iii) no other consent is required to bind the estate or Ms. Wildstein; and (iv) the Trustee has not assigned, transferred, or encumbered any Claim being released.

6. **Dismissal with Prejudice.** Within twenty-one (21) days after the Trustee's receipt of the Settlement Payment, the Trustee shall file, or cause to be filed, a notice of dismissal of the Wildstein Suit with prejudice as to ASI, both sides bearing its own attorneys' fees and costs, and the Parties shall jointly use commercially reasonable efforts to obtain entry of an order dismissing the Wildstein Suit with prejudice as to ASI, with each Party to bear its own attorneys' fees and costs.

7. **Denial of Any Liability.** ASI and its Releasees deny any liability, wrongdoing, or unlawful conduct, dispute all claims in the Wildstein Suit, and ASI had a dispositive motion pending at the time of settlement. Neither this Agreement nor anything in it is an admission of liability, wrongdoing, or unlawful conduct. ASI, on behalf of itself and the Releasees, enters this Agreement to avoid the expense of further litigation.

8. **New or Different Facts: No Effect.** This Agreement remains effective despite the discovery of any new, additional, or different facts from those a Party now knows, suspects, or believes to be true.

9. **Binding Effect.** This Agreement binds and benefits the Parties and their respective successors and assigns, including any successor Chapter 7 trustee.

10. **No Third-Party Beneficiaries.** The Releasees are intended third-party beneficiaries of this Agreement and are entitled to enforce the Release. Except for the Releasees, there are no intended third-party beneficiaries. For the avoidance of doubt, nothing in this paragraph limits or affects the Release of Ms. Wildstein's Claims by the Trustee, which is effective by operation of 11 U.S.C. § 541 and the Approval Order, regardless of Ms. Wildstein's status as a non-signatory.

11. **Waiver.** No waiver of any right under this Agreement is effective unless in writing and signed by the waiving Party.

12. **Entire Agreement.** This Agreement is the entire agreement between the Parties on its subject matter and supersedes all prior and contemporaneous agreements, representations, promises, warranties, and understandings, whether oral or written, all of which are merged into this Agreement. Except as expressly stated, the Parties have made and relied upon no representations, warranties, or promises other than those set forth herein.

13. **Severability.** If any provision of this Agreement is held invalid or unenforceable, the remaining provisions remain in full force and effect and shall be construed as if the invalid or unenforceable provision had never been included.

14. **Further Assurances.** Each Party shall execute, or cause to be executed, further documents and cooperate in any court or other proceedings as reasonably necessary to effectuate this Agreement, including obtaining an order of dismissal with prejudice of the Wildstein Suit.

15. **Notice.** All notices under this Agreement shall be sent by trackable delivery (e.g., FedEx) and by email to:

> **TRUSTEE**
> Michael R. Bakst
> Lippes Mathias LLP
> 4420 Beacon Circle
> West Palm Beach, Florida 33407
> 561-842-3000 ext. 1577
> MBakst@lippes.com
>
> **ASI**
> Christopher B. Hopkins
> Hopkins PA
> 516 S. Dixie Hwy, Suite 227
> West Palm Beach, FL 33401
> 561-635-3397
> chopkins@hopkinspa.com

Glenn Malin
Peterson Bernard
707 S.E. Third Avenue, Suite 500
Ft. Lauderdale, FL 33316
(954) 763-3200
Glenn.Malin@petersonbernard.com

Notice is deemed received on the earlier of (a) actual receipt, (b) one (1) business day after deposit with the trackable courier for next-business-day delivery, or (c) the date the email is sent, provided the sender does not receive a bounce-back or delivery-failure message and a copy is also dispatched by trackable courier the same or next business day. A Party may change its notice address by written notice given in accordance with this paragraph.

16. **Capacity and Authority.** Each Party represents and warrants that (i) it has full authority to enter into this Agreement, subject as to the Trustee to entry of the Approval Order; (ii) no third-party rights affect its validity or enforcement; and (iii) the Trustee has not assigned or transferred any Claim being released. Each individual signing on behalf of an entity represents that he or she has full authority to bind that entity.

17. **Construction.** The Parties and their representatives jointly negotiated and drafted this Agreement. The Parties have read and understand it and had the opportunity to consult counsel. No rule of construction shall be applied to construe its provisions in favor of or against any Party. The singular includes the plural and vice versa, and words of any gender include all genders. Headings are for convenience only and shall not affect interpretation.

18. **Counterparts; Electronic Signatures.** This Agreement may be executed in counterparts, each of which is deemed an original and which together constitute one instrument. Delivery by email of a PDF is as effective as delivery of an original. This Agreement is effective upon full execution by all Parties and entry of the Approval Order.

19. **Amendment or Modification.** This Agreement may be amended only by a written instrument signed by all Parties.

20. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to principles of conflicts of law, subject to applicable federal bankruptcy law.

21. **Survival.** The following provisions, together with any others that by their nature are intended to survive, shall survive the execution, performance, and any termination of this Agreement and remain in full force and effect: Release; Dismissal with Prejudice; No Admission of Liability; New or Different Facts: No Effect; Binding Effect; No Third-Party Beneficiaries; Entire Agreement; Further Assurances; Capacity and Authority; Construction; Governing Law; and Jury Trial Waiver.

22. **Jury Trial Waiver.** The Parties knowingly, voluntarily, and irrevocably waive the right to a jury trial on any matter arising from or relating to this Agreement.

The Parties have read and understood the terms and conditions of this Agreement; agree to be bound by its provisions; and have executed this Agreement on the date shown by their signatures below.

**TRUSTEE**

*Michael R. Bakst*

Michael R. Bakst,
Chapter 7 Bankruptcy Trustee
for *In re: Lisa Wildstein*

DATE:  07/31/2026

**ASI**

*Jean Kelly*

Jean Kelly, Claims Attorney IV
Print name/title of authorized signatory

DATE:  7/22/26

Page **5** of **5**

# EXHIBIT "1"

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.  502020CA006656XXXXMB

LISA P. WILDSTEIN,

     Plaintiff,

v.

CORE CONTENTS RESTORATION, LLC,
AMERICAN STRATEGIC INSURANCE CORP.
AND YASMIN WHITMER, Individually,

     Defendants.

_____/

## JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

Plaintiff LISA P. WILDSTEIN and Defendant, AMERICAN STRATEGIC INSURANCE CORP. file this Stipulation for Voluntary Dismissal With Prejudice, and stipulate and agree that the above-styled matter is to be dismissed with prejudice as to AMERICAN STRATEGIC INSURANCE CORP., with each party bearing their own attorneys' fees and costs.

| | |
|---|---|
| _____ | _____ |
| Michael R. Bakst, as Trustee on behalf of the bankruptcy estate of Plaintiff, Lisa Wildstein Pursuant to In re: Lisa Wildstein, Case No. 26-16120-MAM (U.S. DC. SD-Fla Bankruptcy) LIPPES MATHIAS LLP 4420 Beacon Circle West Palm Beach, FL 33407 ph: 561.842.3000 ext. 1577 fx: 561.842.3626 MBakst@lippes.com *Attorneys for Plaintiff, LISA P. WILDSTEIN* | Christopher B. Hopkins Florida Bar No. 116122 HOPKINS PA 516 S. Dixie Hwy., Suite 227 West Palm Beach, FL  33401 Ph:  561.635.3397 CHopkins@hopkinspa.com<br><br>Glenn H. Malin glenn.malin@petersonbernard.com Peterson Bernard, 707 SE 3rd Ave., Suite 500, Fort Lauderdale, FL 33316 *Attorneys for Defendant, AMERICAN STRATEGIC INSURANCE CORP.* |

*Buckeye Plumbing, Inc. v Buckeye Plumbing of Southwest Florida, Inc.*
Case No. 502025CA002269XXXAMB
Page 2

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.  502020CA006656XXXXMB

LISA P. WILDSTEIN,

     Plaintiff,

v.

CORE CONTENTS RESTORATION, LLC,
AMERICAN STRATEGIC INSURANCE CORP.
AND YASMIN WHITMER, Individually,

     Defendants.

_____/

## ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE having come before the Court on the Stipulation for Voluntary Dismissal of all claims that were asserted or which could have been asserted in this action against Defendant AMERICAN STRATEGIC INSURANCE CORP. by Plaintiff, LISA P. WILDSTEIN, and the Court being otherwise duly advised in the premises, it is hereby ORDERED and ADJUDGED that:

The Court accepts and approves the Stipulation for Voluntary Dismissal, and based upon the Stipulation for Voluntary Dismissal hereby dismisses with prejudice all claims and/or counterclaims, if any, that were asserted or which could have been asserted against Defendant AMERICAN STRATEGIC INSURANCE CORP., in this action, with each party to bear its own fees and costs.

DONE AND ORDERED in Palm Beach County, Florida, on this _____ day of _____, 2026.

2

_____
Circuit Judge

Copies furnished to:

Lisa Wildstein, lwildstein@me.com
The Law Offices of Lisa P. Wildstein, LLC, 13159 Artisan Circle, Palm Beach Gardens, FL
33418

Michael R. Bakst as Trustee on behalf of the bankruptcy estate of Plaintiff, Lisa Wildstein
Pursuant to *In re: Lisa Wildstein*, Case No. 26-16120-MAM (U.S. DC. SD-Fla Bankruptcy)
Lippes Mathias LLP, 4420 Beacon Circle, West Palm Beach, Florida 33407
MBakst@lippes.com

Christopher B. Hopkins, chopkins@hopkinspa.com
Hopkins PA, 516 S. Dixie Highway, Suite 227, West Palm Beach, FL 33401

Glenn H. Malin, glenn.malin@petersonbernard.com
Peterson Bernard, 707 SE 3rd Ave., Suite 500, Fort Lauderdale, FL 33316

2

33669833.1

PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                              CASE NO.:    **26-16120-MAM**
                                                                    **Chapter 7**


**LISA WILDSTEIN**

                    **Debtor**
_____/

**ORDER APPROVING MOTION TO APPROVE**
**STIPULATION TO COMPROMISE CONTROVERSY**


THIS MATTER came before the Court in West Palm Beach, Florida, upon the Trustee's Motion to Approve a Stipulation to Compromise Controversy between the Trustee Michael R. Bakst and American Strategic Insurance Corp. ("ASI") ("Motion") and the movant by submitting this form of order has represented that the motion was served on all required parties; the 21-day response time provided by Local Rule 9013-3(b) has expired; no one has filed or served on the movant, a response to the motion; and this form of order was attached as an exhibit to the motion, with the Court finding that:  (a) the

1

settlement that is the subject of the Motion is (i) in the best interest of creditors and the estate, (ii) meets the factors set forth in *In re Justice Oaks II, Ltd,* 898 F.2d 1544 (11th Cir. 1990), and (iii) falls above the lowest point in the range of reasonableness as contemplated by applicable case law from this district. *See, e.g., In re Arrow Air, Inc.,* 85 B.R. 886 (Bankr. S.D. Fla. 1988); and (b) the Motion and the Settlement Agreement have been duly and properly served on all creditors; and with the Court being otherwise fully advised in the premises it is hereby,

ORDERED AND ADJUDGED as follows:

1. The Motion to Approve Settlement Agreement is **GRANTED.**

2. The Settlement Agreement and Release between the Trustee Michael R. Bakst and American Strategic Insurance Corp. is **APPROVED** in its entirety, and its terms are hereby incorporated by reference into this order in their entirety.

3. Pursuant to the Settlement Agreement, ASI shall pay the Trustee twenty thousand dollars ($20,000.00) in full and final settlement of all claims asserted by or on behalf of the bankruptcy estate of Lisa Wildstein against ASI in Lisa P. Wildstein v. Core Contents Restoration, LLC et al., Case No. 50-2020-CA-006656 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Wildstein Suit").

4. Upon the Trustee's receipt of the Settlement Payment, the Trustee, on behalf of the bankruptcy estate of Ms. Wildstein, releases ASI and its Releasees (as defined in the Settlement Agreement) from all Claims (as defined in the Settlement Agreement).

5. Within twenty-one (21) days after the Trustee's receipt of the Settlement Payment, the Trustee shall file, or cause to be filed, a notice of dismissal of the Wildstein Suit with prejudice as to ASI, with each side bearing its own attorneys' fees and costs.

6. The Court reserves jurisdiction to enforce the terms of this order and the Settlement Agreement.

2

###

Submitted by:
Michael R. Bakst, Esq.
Lippes Mathias LLP
4420 Beacon Circle
West Palm Beach, FL 33407
mbakst@lippes.com


**[Michael R. Bakst, Esq. is directed to serve copies of this order on all interested parties and file a certificate of service with the Court]**

3